# ILLINOIS OFFICIAL REPORTS
## Appellate Court

---

**In re Application of the County Treasurer & ex officio County Collector of Lake County,**
**2011 IL App (2d) 100911**

---

| | |
|---|---|
| Appellate Court Caption | *In re* THE APPLICATION OF THE COUNTY TREASURER AND *ex officio* COUNTY COLLECTOR OF LAKE COUNTY, ILLINOIS, FOR JUDGMENT AND ORDER OF SALE AGAINST REAL ESTATE RETURNED DELINQUENT FOR THE NONPAYMENT OF GENERAL TAXES AND SPECIAL ASSESSMENTS FOR THE YEAR 1999 AND PRIOR YEARS (Warren M. Mose 1996 Trust, and Thomas A. Violini and Paul Goldberg, as Successor Co-trustees, Petitioners-Appellants, v. Glen Investments, Wayne Hummer Trust Company, N.A., as Trustee under a Trust Agreement Dated December 4, 2002, and known as Trust Number LFT-1730, and ASPEN PARTNERS, LLC, Respondents-Appellees). |
| District & No. | Second District<br>Docket No. 2-10-0911 |
| Filed | November 23, 2011 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where petitioners' predecessor constructed a sewer and water main system in return for a recapture agreement under which the predecessor obtained an interest in the land to secure payment, and when the property was subsequently sold for delinquent taxes and a tax deed was issued to respondents, petitioners and the owners each moved to vacate the tax deed, the appellate court reversed the trial court's denial of the petitions to vacate, on remand the trail court did not abuse its discretion in granting petitioners' request to vacate the tax deed without giving other relief, since petitioners' interest in the land was based on the recapture agreement, and in the absence of a showing of what that interest was, there was no basis for determining the fair market value of the property and awarding petitioners damages based on that value. |

| Decision Under Review | Appeal from the Circuit Court of Lake County, Nos. 00-TX-1, 02-TD-197; the Hon. Wallace B. Dunn, Judge, presiding. |
| --- | --- |
| Judgment | Affirmed. |
| Counsel on Appeal | James C. Bakk, of Law Offices of James C. Bakk, of Waukegan, for appellant. |
| | Margaret Morrison Borcia, of Morrison & Morrison, P.C., of Waukegan, for appellee. |
| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion. Justices Bowman and Zenoff concurred in the judgment and opinion. |

## OPINION

¶ 1 Petitioners, the Warren M. Mose 1996 Trust with Thomas A. Violini and Paul Goldberg as successor co-trustees (the Mose Trust), appeal the trial court's order denying them money damages pursuant to their petition to vacate a tax deed order against respondent Aspen Partners, LLC. No other party to the proceedings has appealed from the judgment entered by the trial court. On appeal, the Mose Trust argues that the trial court erred by failing to (1) find that Aspen Partners was not a *bona fide* purchaser for value; and (2) determine a fair market value of the property and assess a damages judgment against Aspen Partners and in favor of the Mose Trust. We affirm.

¶ 2                            I. BACKGROUND

¶ 3 We recite only the facts necessary for this appeal. Warren Mose constructed a sanitary sewer and water main system on property known as the Clavey Property, located in Vernon Hills. In 1988 Mose and Gordon Clavey, the beneficiary of a land trust that held title to the Clavey property, executed a recapture agreement that provided that the land trust would pay Mose $80,000 plus interest by December 31, 1992, or when the property was sold, whichever occurred first. The agreement further provided that if Mose was not paid by such time, he would have "the right to assert his right of claim through a lien against the real estate." In 1992 Clavey created the Gordon Clavey Living Trust (Clavey Trust), which became the beneficiary of an intervening land trust that previously held title to the Clavey property. In

-2-

1993 the recapture agreement was amended to extend the final payment date to December 31, 1994. The Clavey property was not sold by that date, and Mose was never paid the principal due him.

¶ 4    Mose recorded the original recapture agreement with the Lake County recorder of deeds in 1993. However, he failed to file a mechanic's lien. In 1996 Mose assigned all his interests in the recapture agreement and the amended recapture agreement to the Mose Trust. In 2010 Mose died and Violini and Goldberg succeeded as co-trustees of the Mose Trust.

¶ 5    In 2002 a tax deed was issued to the Glen Investments, Wayne Hummer Trust Company, N.A., which then sold the Clavey property to Aspen Partners in 2003. Subsequently, Mose filed an amended petition pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2002)) to vacate the tax deed under the recapture agreement. The petition alleged that Mose had an interest in the Clavey property and that he was not properly served with notice by the tax deed purchaser. Mose requested that the trial court declare all subsequent sales to be null and void and sought any further relief the court deemed just. The Clavey Trust also filed a section 2-1401 petition to vacate the tax deed, and the two petitions were consolidated. The trial court denied the consolidated petitions to vacate. On appeal, this court reversed the trial court's judgment, determining, *inter alia*, that Mose and the Clavey Trust had interests in the Clavey property sufficient to require notice pursuant to sections 22-10 through 22-30 of the Property Tax Code (35 ILCS 200/22-10 through 22-30 (West 2002)). *In re the Application of the County Treasurer & ex officio County Collector of Lake County, Illinois, for Judgment & Order of Sale Against Real Estate Returned Delinquent for the Non-payment of General Taxes & Special Assessments for the Year 1999 & Prior Years*, Nos. 2-06-0729, 2-06-0730, 2-06-0739 cons. (2008) (unpublished order under Supreme Court Rule 23) (*Clavey I*). We further held that the trial court's finding that Aspen Partners was a *bona fide* purchaser for value was against the manifest weight of the evidence. *Id.* at 37. We remanded the case to the trial court for further proceedings.

¶ 6    On remand, after a hearing, the trial court granted Mose's (now known as the Mose Trust) section 2-1401 petition and vacated the tax deed, but granted the Mose Trust no other relief. Regarding the Clavey Trust, the trial court also vacated the tax deed and awarded the Clavey Trust $3,877,654.28 in damages against Glen Investments. The Mose Trust filed this appeal.


¶ 7                                  II. ANALYSIS

¶ 8    The Mose Trust argues that the trial court erred by failing to find that Aspen Partners was not a *bona fide* purchaser for value. The Mose Trust fails to recognize that, under the "law of the case" doctrine, issues that were decided in a previous appeal are binding on the trial court on remand. See *Bjork v. Draper*, 404 Ill. App. 3d 493, 501 (2010). In *Clavey I*, this court determined that "the trial court's finding that Aspen Partners, LLC, was a *bona fide* purchaser for value was against the manifest weight of the evidence." *Clavey I*, slip order at 38. On remand, the trial court was bound by this determination. Because this court already determined the issue, the trial court did not err by failing to make a finding that Aspen Partners was not a *bona fide* purchaser for value.

¶ 9    Next, the Mose Trust argues that the trial court erred by failing to determine a fair market value of the Clavey property and assess a damages judgment against Aspen Partners and in favor of the Mose Trust. The Mose Trust argues that the trial court should have awarded it the fair market value of at least $7.5 million less the $4.1 million it awarded to the Clavey Trust and minus appropriate deductions.

¶ 10    The Mose Trust essentially argues that it is entitled to the same relief obtained by the Clavey Trust. The relief granted to the Clavey Trust was based on its interest as a prior owner. However, the Mose Trust has failed to establish that its interest in the property was the same as that of the Clavey Trust. Further, the Mose Trust has failed to establish that it is entitled to *any* relief based upon the interest it had in the property. The prior law of the case determined that Mose had an interest, but it was never suggested or determined that this interest was the same as or similar to the interests held by the Clavey Trust.

¶ 11    The interest that the Mose Trust has in the property is limited to the interest that Mose had. The interest that Mose had in the property was based on the recapture agreement. *Clavey I*, slip order at 34-35. The Mose Trust had the burden to establish what its interest was, or what its rights were, under the recapture agreement. See *Ollivier v. Alden*, 262 Ill. App. 3d 190, 196 (1994). However, the Mose Trust failed to do so. In addition, the Mose Trust failed to establish what damages it incurred pursuant to the terms of the recapture agreement. The Mose Trust chose to grasp at the coattails of the Clavey Trust instead of seeking the relief it might have been entitled to under the recapture agreement. Because the Mose Trust failed to establish that it was entitled to the relief it sought, we cannot say that the trial court abused its discretion by failing to determine the fair market value of the property and award damages, based upon such value, in favor of the Mose Trust. See *Ollivier*, 262 Ill. App. 3d at 196 (the party seeking to recover damages bears the burden of proving the correct measurement of damages and the final computation of damages based on that measurement).

¶ 12                                III. CONCLUSION

¶ 13    The judgment of the circuit court of Lake County is affirmed.

¶ 14    Affirmed.